UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

THOMAS EDWARD GAETANIELLO,   Case No. 6:12-bk-02125-ABB
                             Chapter 13
    Debtor.
_____/

PATRICIA MARY GAETANIELLO,

    Plaintiff,                 Adv. Pro. No. 6:12-ap-00095-ABB

v.

THOMAS EDWARD GAETANIELLO,

    Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint Seeking Exception to Debtor's Discharge (Adv. Pro. DE 1) filed by Plaintiff Patricia M. Gaetaniello against Defendant Thomas E. Gaetaniello ("Debtor"). A trial was held on June 19, 2013 at which Plaintiff and Debtor appeared, with their respective counsel. The Court requested the parties to file supplemental legal authority within 14 days. Debtor's counsel filed a Notice of Filing Florida Statutes Relating to Qualified Domestic Relations Orders and Equitable Distribution (Adv. Pro. DE 36) on June 23, 2013, in compliance with the Court's order. Plaintiff made no filing.

The Plaintiff is Debtor's former spouse. (Adv. Pro. DE 38, Exhibit 1, ¶ 1.) Plaintiff's Claim No. 4 ("Claim 4") arising from a Comprehensive Settlement Agreement (CSA) requiring Debtor pay $64,498.14 to Plaintiff is at issue. The debt is comprised of a distribution of marital property ($53,274.14) and an "equalizer payment" ($11,424.00). (Adv. Pro. DE 38, Exhibit 3.)

Debtor's Amended Chapter 13 Plan provides payment of $10,498.14 to Plaintiff, in satisfaction of the equalizer payment.[1] (Main Case DE 46.) The dischargeability of the remaining $53,274.14 debt (the anticipated proceeds from the sale of the marital residence), pursuant to 11 U.S.C. § 523(a)(5) or § 523(a)(15), is the question for the Court in this Chapter 13 case.

The Debt is dischargeable. Judgment is due to be entered in favor of Defendant for the reasons set forth herein.

### Findings of Fact

A Florida Circuit Court entered a Final Judgment of Dissolution of Marriage dissolving the parties' marriage on July 8, 2008. (Adv. Pro. DE 38, Exhibit 1.) That court denied Plaintiff's request for alimony, finding she could support herself while maintaining the same standard of living she enjoyed during her marriage. (Adv. Pro. DE 38, Exhibit 2, ¶2.) An Amended Final Judgment of Dissolution of Marriage was entered on October 22, 2008. (Adv. Pro. DE 1, ¶ 8.) A Supplemental Final Judgment for Former Wife's Attorney's Fees and Costs was entered on May 8, 2009; a Supplemental Final Judgment for Former Wife's Appellate Attorney's Fees and Costs was entered on May 19, 2011. (Adv. Pro. DE 38, Exhibits 4 & 5.)

The parties attempted to resolve all of their debts through the CSA, executed on January 26, 2012 and incorporated into the Amended Final Judgment on February 9, 2012. (Adv. Pro. DE 38, Exhibit 3.) The CSA consolidated the previous judgments, by aggregating all debts owed by the parties to each other. An Order on Comprehensive Settlement Agreement was signed on February 16, 2012. (Adv. Pro. DE 38, Exhibit 3.)

The CSA required Debtor pay Plaintiff an "equalizer payment" of $11,424.00 resulting from the implementation of a reciprocal equitable distribution and $53,274.14 as Plaintiff's share

---

[1] The Plan has not been confirmed. The Court makes no finding as to whether $10,498.14 is full satisfaction of the $11,424.00 "equalizer payment," or whether any such debt is entitled to be treated preferentially to other unsecured debts pursuant to 11 U.S.C. § 507(a)(1)(A).

of the anticipated net proceeds from the sale of the marital residence. (Adv. Pro. DE 1, Exhibit F.) The $53,274.14 debt from the anticipated sale proceeds of the marital residence was not due until after the home sold and is a property settlement. Id.

Debtor consented to a Qualified Domestic Relations Order (QDRO) on his 401(k) plans and a continuing writ of garnishment on his wages, if necessary to effectuate the CSA. Id. The marital residence did not sell; the only potential buyer walked away. The home was foreclosed upon by the mortgage holder.

Debtor filed a Chapter 13 case on February 21, 2012, five days after the Order on CSA was entered by the state court. (Main Case DE 1.) Plaintiff originally filed Claim 4 stating $11,424.00 was owed to her. She amended her claim, to reflect a total amount owed of $64,498.14. (Adv. Pro. DE 38, Exhibit 13.) Debtor initially objected to Claim 4 in its entirety. (Main Case DE 15.) Debtor subsequently amended his Chapter 13 plan to include a priority payment of $10,498.14 to Plaintiff.

Plaintiff filed this Complaint asserting the remaining $53,274.14 is nondischargeable pursuant to 11 U.S.C. § 523(a)(5), as a domestic support obligation, or § 523(a)(15), as a debt incurred by Debtor in the course of their divorce or in connection with their divorce decree.

### Conclusions of Law

Debts for domestic support obligations are excepted from discharge in Chapter 13. 11 U.S.C. § 1328(a)(2); 11 U.S.C. § 523(a)(5). Section 523(a)(5) provides any debt constituting a "domestic support obligation" is not dischargeable. Section 101(14A) defines "domestic support obligation" as a debt owed to or recoverable by a former spouse "in the nature of alimony, maintenance, or support" of such former spouse and established by "a separation agreement, divorce decree, or property settlement agreement . . . ." 11 U.S.C. § 101(14A). Section

523(a)(5) "requires nothing more than 'a simple inquiry as to whether the obligation can legitimately be characterized as support.'" Strickland v. Strickland (In re Strickland), 90 F.3d 444, 447 (11th Cir. 1996) (citation omitted).

Debts in the nature of property settlements are not within the scope of § 523(a)(5) and are not excepted from discharge in Chapter 13. 8 Collier on Bankruptcy ¶ 1328.02[3][g] (16th ed. 2012).

The parties dispute whether the $53,274.14 debt was intended to function as support or alimony. See In re Strickland, 90 F.3d 444, 447 (11th Cir. 1996). The state court found Plaintiff and Debtor were employed prior to and during their marriage. (Adv. Pro. DE 38, Exhibit 1.) It denied Plaintiff's request for rehabilitative and permanent periodic alimony, and no child support was awarded to Plaintiff. (Adv. Pro. DE 1, Exhibit A, ¶ 2.)

This case is similar to In re Petty, in which the debtor and plaintiff (former spouse) were employed both prior to and during their marriage. In re Petty, 333 B.R. 472, 480 (Bankr. M.D. Fla. 2005). The state court in In re Petty denied the former spouse's request for alimony, and no child support was awarded to her. Id. The bankruptcy court held the state court intended to award half of the sale proceeds from the marital property as a property settlement, and not as alimony or support.[2] Id. The bankruptcy court reasoned the state court determined the former spouse did not have a need for support when the judgment was entered. Id.

Plaintiff concedes the $53,274.14 debt was originally a property settlement. (Trial on Plaintiff's Complaint, June 19, 2013.) She argues Claim 4 metamorphosed into a domestic

---

[2] The debtor in In re Petty initially filed under Chapter 13. His case was dismissed. He then filed under Chapter 7, which is when the § 523(a)(5) analysis was conducted. In re Petty, 333 B.R. 472, 476 (Bankr. M.D. Fla. 2005). The analysis regarding whether a debt is a domestic support obligation under 523(a)(5) is the same under Chapters 7 and 13, however, because debts under § 523(a)(5) are excepted from discharge in both Chapter 7 and Chapter 13 cases. See In re Benson, 441 Fed. Appx. 650, 651 (11th Cir. 2011) (resolving a 523(a)(5) analysis under Chapter 13, but citing to Cummings v. Cummings, 244 F. 3d 1263, 1265 (11th Cir. 2001) (involving a Chapter 7 debtor)).

support obligation because Debtor consented to the imposition of a QDRO of his retirement funds to effectuate the payment.

The QDRO did not transform the property settlement into a domestic support obligation. QDROs are a means of distributing funds from an employee's pension or retirement fund without imposing tax consequences on the parties. In re Cason, 211 B.R. 72, 73 (Bankr. N.D. Fla. 1997); see also In re Boudreau, No. 93-9491-8G3, 1995 WL 152395 (Bankr. M.D. Fla. Jan. 9, 1995). U.S. Department of Labor guidance states QDROs relate "to the provision of child support, alimony payments, or marital property rights . . . ." Frequently Asked Questions: Qualified Domestic Relations Orders, UNITED STATES DEPARTMENT OF LABOR, http://www.dol.gov/ebsa/faqs/faq_qdro.html (last visited July 17, 2013) (emphasis added). Plaintiff conceded at trial, QDROs are not used exclusively for domestic support obligations. See Fla. Stat. § 121.091(14)(b) & (e) (2012).

The $53,274.14 debt created by the CSA is a property settlement and was not intended to be in the nature of alimony, maintenance, or support of Plaintiff. The debt is not a domestic support obligation. It is not excepted from discharge pursuant to §§ 523(a)(5) and 1328(a)(2).

The debt is of the type described in § 523(a)(15), a debt for money owed to a former spouse "and not of the kind described in paragraph [523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." 11 U.S.C. § 523(a)(15). Debts of the type described in § 523(a)(15) are dischargeable in a case filed under Chapter 13 of the Bankruptcy Code.[3] 11 U.S.C. § 1328(a)(2); 8 Collier on Bankruptcy ¶ 1328.02[3][g] (16th ed. 2012).

---

[3] Chapter 13 differs from Chapter 7 in that 11 U.S.C. § 1328(a)(2) excepts only enumerated debts in 523(a) from discharge, whereas 11 U.S.C. § 727(b) excepts all debts enumerated in § 523(a) from discharge.

The $53,274.14 debt for Plaintiff's share of the sale proceeds of the marital residence is a property settlement and is not exempt from discharge pursuant to §§ 523(a)(15) and 1328(a)(2).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the $53,274.14 indebtedness owed by Debtor to Plaintiff as her anticipated share of the proceeds from the sale of the marital residence is a debt for property settlement and is dischargeable pursuant to 11 U.S.C. § 1328(a)(2).

A separate Judgment consistent with these findings and conclusions shall be entered contemporaneously.

Dated this 26th day of July, 2013.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge